**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 17, 2013

LETTER TO COUNSEL

RE: *Jacqueline Turner v. Commissioner of Social Security*; Civil No. SAG-11-0260

Dear Counsel:

On January 31, 2011, the Plaintiff, Jacqueline Turner, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (ECF Nos. 21, 37). I have considered the parties' cross-motions for summary judgment and I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons that follow, I will deny both Motions and remand this case for further proceedings in accordance with this opinion.

Ms. Turner applied for SSI and DIB on June 26, 2007, alleging disability commencing June 15, 2007. (Tr. 109-17). Ms. Turner's claim was denied initially on November 27, 2007, and on reconsideration on July 31, 2008. (Tr. 66-73, 75-76). A hearing was held on October 6, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 41-62). Following the hearing, on October 28, 2009, the ALJ determined that Ms. Turner was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 6-17). The Appeals Council denied Ms. Turner's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Turner suffered from severe impairments, including post-traumatic stress disorder, asthma, depression, and chronic lower-back pain. (Tr. 11). Nevertheless, the ALJ found that Ms. Turner has the residual functional capacity ("RFC") to perform light work except that she was limited to simple, unskilled tasks. (Tr. 12). Based upon vocational expert ("VE") testimony, the ALJ determined that Ms. Turner could perform her past relevant work as a housekeeper, and that she therefore is not disabled within the meaning of the Act. (Tr. 16, 17).

Ms. Turner presents several arguments on appeal, including a contention that the ALJ failed to evaluate her mental impairments in each of the four functional areas properly. Pl.'s Mot. at 18-27. After careful review of the ALJ's opinion and the evidence of the record, I agree that the ALJ has not provided sufficient analysis for me to determine whether his conclusions as

*Jacqueline Turner v. Commissioner, Social Security Administration*
Civil No. SAG-11-0260
January 17, 2013
Page 2

to Ms. Turner's mental impairments are premised on substantial evidence. Because the ALJ's opinion is deficient in its explanation of the rationale for the conclusions reached, the case will be remanded for further proceedings.

The issue of primary concern in this case is the ALJ's failure to discuss all of the pertinent medical and non-medical evidence adequately when explaining his rationale for his findings. The ALJ documented specific findings as to the degree of limitation in each of the four areas of functioning described in paragraph (c) of § 404.1520a, stating that Ms. Turner had: (1) moderate restriction with regard to activities of daily living; (2) moderate difficulties in social functioning; (3) moderate difficulties in concentration, persistence, or pace; and (4) experienced "no" episodes of decompensation. (Tr. 12). However, the ALJ failed to cite to any specific medical evidence in reaching his conclusions about those degrees of limitation. For the area of "activities of daily living," the ALJ cited to Exhibits 3F and 16F, which do not support the facts in question. For the functional areas of "social functioning" and "concentration, persistence and pace," the ALJ simply set forth conclusory sentences with a citation to the <u>entire</u> medical evidence of the record. That broad citation does not permit me to review the actual evidence considered by the ALJ. Moreover, the ALJ provided insufficient explanation of the limitations he found. For example, the ALJ stated:

> [I]n social functioning, the claimant has moderate difficulties. The record shows that the claimant has the ability work around others. She can interact appropriately with general public get along with coworkers, respond appropriately to changes in the work setting and set realistic goals.

(Tr. 12) (grammatical errors in original).

Presumably, the ALJ is suggesting that Ms. Turner participates in some social functioning and therefore does not suffer marked difficulties. However, the ALJ did not expressly provide that analysis, and included no information about what "moderate difficulties" Ms. Turner actually suffers. This Court cannot speculate as to what facts may have been material to the ALJ's outcome. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).

In sum, the ALJ failed to consider all of the non-medical and medical evidence of the record in applying the mental special technique. He provides little to no explanation as to how he arrived at his findings and conclusions in a case presenting contradictory medical evidence as to the severity of Ms. Turner's mental impairment. In light of the failure of explanation, remand is warranted for an adequate and accurate consideration of Ms. Turner's claim.

I need not address the remaining issues Ms. Turner has raised on appeal, because the case will be remanded for further proceedings. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Turner was ineligible for benefits was correct or incorrect.

*Jacqueline Turner v. Commissioner, Social Security Administration*
Civil No. SAG-11-0260
January 17, 2013
Page 3


      For the reasons set forth herein, Ms. Turner's motion for summary judgment (ECF No. 21) and Defendant's motion for summary judgment (ECF No. 37) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.


      Sincerely yours,


      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge